UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,  <br><br>Plaintiff,  <br><br>v.  <br><br>MICHAEL P. GRADNEY,  <br><br>Defendant. | CASE NO. CR11-0363JLR  <br><br>ORDER |

Before the court is Defendant Michael P. Gradney's second motion for early termination of supervised release. (2d TSR Mot. (Dkt. # 204).) Plaintiff the United States of America (the "Government") opposes his motion.[1] (Resp. (Dkt. # 205).) The court has considered the parties' submissions, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Mr. Gradney's second motion for early termination of supervised release.

---

[1] In his motion, Mr. Gradney informs the court that United States Probation Officer Leo Castillo also opposes the motion. (2d TSR Mot. at 1.)

ORDER - 1

Following a jury trial in 2012, Mr. Gradney was convicted of multiple firearm and drug trafficking crimes. (*See* Jury Verdict (Dkt. # 127).) The court sentenced Mr. Gradney to 102 months of imprisonment followed by three years of supervised release. (*See* Am. Judgment (Dkt. # 183).) In November 2020, Mr. Gradney filed his first motion for early termination of supervised release. (1st TSR Mot. (Dkt. # 184).) While the court recognized and praised Mr. Gradney's progress and accomplishments, it denied his request for early termination based on his "prior life filled with a history of crime and substance abuse." (*See* 12/20/20 Order (Dkt. # 186) at 1-2.)

In his second motion for early termination of supervised release, Mr. Gradney claims that he has "demonstrated that he has turned the corner" and can function "without resorting to past negative behaviors." (2d TSR Mot. at 3-4.) He also argues that the public "no longer needs" to be protected from further crimes he might commit. (*Id.* at 3.) The Government argues that early termination is unwarranted because Mr. Gradney "has a history of serious crimes" and supervision "is essential to protect the public and keep Mr. Gradney on the right track." (Resp. at 1-2.) In support of its position, the Government cites Mr. Gradney's established and admitted July 2021 supervised release violations for committing the crime of driving under the influence ("DUI") and consuming alcohol and marijuana. (*Id.* (stating that Mr. Gradney was arrested for a DUI "after erratic driving, and his BAC was twice the legal limit"); *see* 7/29/21 Order (Dkt. # 187); 9/21/21 Min. Entry (Dkt. # 198); *see also* 11/22/21 Order (Dkt. # 202) (alleging, based on a positive urine sample, that Mr. Gradney violated the conditions of supervision in October 2021 by using marijuana).)

After considering the factors set forth in 18 U.S.C. § 3553(a), a court may "terminate a term of supervision . . . at any time after the expiration of one year of supervised release" if such action is warranted by the defendant's conduct and in the interests of justice. *See* 18 U.S.C. § 3583(e)(1). Although the court is encouraged by Mr. Gradney's November 2021 clean urine sample and the lack of any further violations (*see generally* 11/22/21 Order; Dkt.), his prior use of alcohol and marijuana while on supervised release and his poor judgment in getting behind the wheel of a car while intoxicated lead the court to conclude that early termination of Mr. Gradney's supervised release is not warranted (*see generally* 11/22/21 Order; 7/29/21 Order; 9/21/21 Min. Entry). The court agrees with the Government's contention that Mr. Gradney needs to complete his term of supervised release to protect the public from similar crimes, including any additional DUIs, and to ensure that he stays on the right track. (*See* Resp. at 1-2.) If Mr. Gradney remains on supervised release, Probation can continue to monitor Mr. Gradney and provide the necessary resources and support so that he remains crime-free and continues to make positive choices concerning drug and alcohol use.

On balance, the court finds that Mr. Gradney's conduct, the interests of justice, and the factors laid out in 18 U.S.C. § 3553(a) do not support early termination. Accordingly, the court DENIES Mr. Gradney's second motion for early termination of supervised release (Dkt. # 204).

//

//

//

1     Dated this 24th day of April, 2022.

                                        *A*

JAMES L. ROBART
United States District Judge

ORDER - 4